**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE KASSAB,

        Petitioner-Appellant,

v.

WILLIAM D. GORE,

        Respondent-Appellee.

No.    15-56191

D.C. No. 3:13-cv-03182-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Karen S. Crawford, Magistrate Judge, Presiding

Submitted August 3, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Steve Mansour Kassab appeals from the district court's denial of his habeas petition seeking relief from his state misdemeanor conviction for providing drug paraphernalia for use to smoke methamphetamine or cocaine. The district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

certified two issues for appeal: (1) whether the trial judge denied Kassab a fair trial by limiting the testimony of his witness, Dr. Vomhoff, and (2) whether the submission of an exhibit that referenced his prior conviction in violation of a pre-trial order excluding evidence of the conviction denied him a fair trial. Because we review Kassab's case pursuant to AEDPA, he must show that the state court's decision was contrary to, or unreasonably applied, clearly established Federal law or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Supreme Court has explained that "[a] state court's determination that a claim lacks merit precluded federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). We affirm the district court's denial of Kassab's petition.

**1.** Kassab's request that we take judicial notice of certain documents is denied. Federal Rule of Evidence 201 is permissive, not mandatory, and we generally do not take judicial notice of facts presented for the first time on appeal. *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011). Here, the proffered documents were not presented to the district court, are not relevant to the issues on appeal, and for many of them their assertions are subject to reasonable dispute.

**2.** Kassab has not shown that the trial court's limitation of Dr. Vomhoff's testimony denied him a fair trial. The exclusion of evidence in a state trial will not support federal habeas relief unless it denies the defendant his due process right to a fair trial. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Alcala v. Woodford*, 334 F.3d 862, 884 (9th Cir. 2003).

Kassab has not made such a showing. Dr. Vomhoff's testimony was not directly relevant to the charges against Kassab. The police officer's testimony that Dr. Vomhoff would have rebutted was rebutted by Kassab's testimony as well as the officer's own testimony when recalled. Moreover, Kassab chose not to call Dr. Vomhoff to testify as to the possible legal uses of the glassware, and there was considerable other evidence that Kassab knew that the glassware he was selling would be used to ingest illegal drugs.

**3.** Kassab has not shown that he was denied a fair trial by the submission of Exhibit 7 with its reference to his prior conviction. Again, this claim is reviewed under the AEDPA standard of review. For prosecutorial misconduct in a state trial to support federal habeas relief it must be of sufficient significance as to result in the denial of the defendant's right to a fair trial. *Greer v. Miller*, 483 U.S. 756, 765 (1987).

3

Here, the trial judge found that the submission of the unredacted exhibit was inadvertent and instructed the jury to disregard the reference to Kassab's prior conviction. Moreover, the reference was more cumulative than revelational because there was considerable other evidence that Kassab was well aware that his actions were illegal (even though he argued that they should not be illegal). Kassab has not shown that the trial court's denial of a new trial based on the inadvertent submission of Exhibit 7 was contrary to clearly established federal law or an unreasonable determination of the facts, or that it is unreasonable to conclude that his right to a fair trial was not compromised.

The district court's denial of Kassab's habeas petition is AFFIRMED.